DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CASE NO. 5:06 CR 239 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | (Resolving Docket No. 59) |
| Reginald Johnson, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.  Introduction

The defendant, Reginald Johnson, has filed a motion to suppress all evidence obtained in the search of 1164 Laird Street in Akron, Ohio.  See Docket No. 59.  The government has filed a brief in opposition.  See Docket No. 72.

The search of the premises at 1164 Laird Street was pursuant to the issuance of a search warrant by Magistrate Judge James S. Gallas.  The application for the search warrant was signed by Special Agent Kevin T. Borchert.  The affidavit was also presented in support of a search of a second residence connected to a codefendant.  There is no challenge pending before the Court and respecting the second search.  The affidavit in support of the two searches numbers 27 pages.

## II.  A summary of the defendant's position in support of a motion to suppress

The defendant contends that the information set forth in the affidavit is limited to four pieces of evidence related to the defendant.  First, an uncorroborated control buy by a confidential informant on January 26, 2006 allegedly from the defendant at his residence at 656

(5:06 CR 239)

Bertha.  Secondly, a February 1, 2006 control buy from "Boo" - not the defendant - again at 656

Bertha.  Third, a January 4, 2006 phone call in which the defendant expresses concern that

codefendant Jerome Spragling is "hustling" at 134 Kelley Avenue and fourth, a January 19, 2006

phone call in which the defendant indicates that he needs to settle a debt with Jerome Spragling.

Continuing, counsel for the defendant argues that none of this evidence relates in any way to the

address searched, i.e, 1164 Laird Street.  Continuing, counsel for the defendant points out that

the only mention in the affidavit connecting the defendant to the Laird Street address is the claim

that the defendant is the current subscriber for electric services at 1164 Laird Street and that he

has been observed "in the area of said residence" in the days before the April affidavit of Special

Agent Borchert.

Against that background of limited information, counsel for the defendant argues that the

above allegations are insufficient to justify a search of 1164 Laird Street and that the motion to

suppress should be granted.

Moreover, counsel for the defendant argues that the searching officers could not have

objectively relied upon the validity of the warrant so as to save the warrant within the teachings

of *Leon*.

III.  The government's position

Initially, the government indicates that the defendant Reginald Johnson, has not alleged a

reasonably expectation of privacy in the residence at 1164 Laird Street, and until he does, he has

no standing to challenge the search of that residence.  Secondly, counsel for the government

contends that the supporting affidavit of Special Agent Borchert set forth sufficient facts,

2

(5:06 CR 239)

circumstances, inferences and conclusions to provide a substantial basis to believe that records and documents relating to the defendant's drug dealing activities and association with Michael Spragling's long-term standing DTO (drug trafficking organization) reasonably could be found at the 1156 Laird Street residence.

The government's brief introduces under the title of "background of investigation" a setting for the affidavit of Special Agent Borchert for the search warrants.[1]

The Court is required to consider under the teachings of *Illinois v. Gates*, 462 U.S. 213 (1983) whether, under the totality of the circumstances standard, probable cause existed for the issuance of the search warrant.  When the Court engages in a totality of the circumstances review of the affidavit for the search warrant, it must consider whether the supporting affidavit recites facts and circumstances indicating "a fair probability that evidence of a crime will be located on the premises of the proposed search".  *See  United States v. Bowling*, 900 F.2d 926, 930 (6th Cir.), cert. denied, 498 U.S. 837 (1990) (Quoting, *United States v. Algie*, 721 F.2d 1039, 1041 (6th Cir. 1983)); *see* also *United States v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1998).

The Court now turns to the specific recitations in the Borchert affidavit which pertained directly or indirectly to the defendant Reginald Johnson.  The affidavit contains the following relevant allegations:

---

[1]The Court recognizes that the provisions in the government's brief in opposition to the motion to suppress under the title of "background of investigation" does not, independent of the allegations of Borchert's affidavit, justify the issuance of the search warrant by Magistrate Judge Gallas.  However, the background of investigation section of the government's brief does assist the Court in considering the setting for the application for the search warrant.

(5:06 CR 239)

3.      Since early 2004, Affiant and investigators have been conducting an extensive investigation in the  MICHAEL LASHAWN SPRAGLING drug trafficking organization (DTO). Throughout the investigation, Affiant and investigators have developed evidence which implicates **REGINALD JOHNSON**, **JEROME SPRAGLING**, and other member of this DTO in the distribution of cocaine, heroin, and marijuana.  the evidence developed against the defendants has been complied through the use of confidential sources, controlled purchases of narcotics, surveillance activities, and other enforcement activities.

4.      Your affiant alleges that the facts contained herein show probable cause that **REGINALD JOHNSON** and **JEROME SPRAGLING** have been engaged in the illegal distribution of narcotics and have committed the following offenses:

Title 21, United States Code, Section 841(a)(1) - possession with the intent to distribute cocaine and heroin;

Title 21, United States Code, Section 846 - conspiracy to distribute cocaine and heroin;

5.      Affiant further alleges that based upon the totality of facts and circumstances set forth in this affidavit, there is probable cause to believe that evidence concerning the aforementioned criminal violations can currently be seized if a search warrant is issued for the residences (and curtilage) of **JEROME DELLSHAUN SPRAGLING** and **REGINALD JOHNSON**.  (Affiant notes that several search warrants issued by Federal, State, or Local Courts have been executed during this investigation at locations associated with some of the above referenced participants. However, none of the locations sought under this application have been searched on the basis of the subject matter of this investigation.  The locations for which this affidavit supports search warrant applications are:

> **1164 Laird Street, Akron, OH** (residence of **REGINALD JOHNSON**).  The residence is further described as a 2 ½ story single family dwelling with gray shingled siding and a brown shingled roof sitting on the south side of Laird

4

(5:06 CR 239)

Street.  The numerals "1164" appear on the right
side of the front door attached to the door frame...

6.      Investigation by your Affiant shows **REGINALD
JOHNSON** was born in 1965, and is assigned social security
number XXX-XX-3320.  A criminal history check shows
**JOHNSON** has been arrested for the following offenses: Arrested
and convicted in 1987 for burglary for which he received a one
year suspended sentence of incarceration and one year probation;
Arrested in 1988 for distribution of drugs, disposition unknown;
Arrested and convicted in 1989 for possession of 25 to 49 grams
cocaine for which he received a 32 to 49 month sentence of
incarceration; Arrested and convicted in 1995 of drug trafficking,
3x bulk amount for which he received a 15 years sentence of
incarceration; Arrested in 2004 for domestic violence and child
endangerment, charges dismissed; Arrested in 2005 for possession
of marijuana and narcotic equipment, disposition unknown...

10.      During the course of this investigation, law enforcement
agents and officers received information from numerous
confidential sources concerning MICHAEL LASHAWN
SPRAGLING, **REGINALD JOHNSON**, **JEROME
SPRAGLING** and their known and suspected narcotics associates.
Information from two Confidential Sources has been outlined in
this Affidavit. All Confidential Sources are labeled CS followed by
a number designation and whether female or male are referred to
only in the masculine tense.  Information provided by Confidential
Sources has been corroborated to the extent practicable through
physical surveillance, review of records, consensually monitored
telephone and personal conversation, and other DEA, FBI, SCDU
and APDNU investigation...

15.      On January 26, 2006, your Affiant and investigators
conducted surveillance during the controlled purchase of heroin
from **REGINALD JOHNSON** in Akron, Ohio.

16.      At approximately 12:49 PM, an uncover [sic] detective
drove CS-2 to the residence of **JOHNSON**, 656 Bertha Avenue,
Akron, Ohio and watched CS-2 as he entered the front door of the
residence.  Via the transmitting device, investigators could hear

5

(5:06 CR 239)

CS-2 speaking with a black male and asking for "100/10" (meaning $100.00 worth or ten bindles of heroin).

17.     Shortly thereafter, the undercover detective observed CS-2 exiting the residence and getting into the undercover vehicle. CS-2 then provided the detective with the purchased evidence. After meeting with the detective and CS-2, your Affiant debriefed CS-2 who advised he purchased the heroin from JOHNSON who retrieved the heroin from his freezer located in the kitchen in exchange for $100.00 USC.

18.     On February 01, 2006, your Affiant and investigators conducted surveillance during the controlled purchase of heroin from "**BOO**" (reference paragraph number 32), an unidentified black male in Akron, Ohio.[2]

19.     At approximately 1:07 PM, an uncover [sic] detective drove CS-2 to the residence of **REGINALD JOHNSON**, 656 Bertha Avenue, Akron, Ohio and watched CS-2 as he entered the front door of the residence. Via the transmitting device, investigators could hear CS-2 speaking with a black male and asking for "100" (meaning $100.00 worth or [sic] ten bindles of heroin).

20.     Shortly thereafter, the undercover detective observed CS-2 exiting the residence and getting into the undercover vehicle. CS-2 then provided the detective with the purchased evidence. Following the transaction, the undercover detective debriefed CS-2 who advised he purchased the heroin from an individual he knows only as "**BOO**". CS-2 advised "**BOO**" retrieved the heroin from his front pants pocket in exchange for $100.00 USC.

21.     Through a check with the electric company subscriber records, your Affiant knows that **REGINALD JOHNSON** is the current subscriber for service at **1164 Laird Street, Akron, Ohio**.

---

[2]The Court has included paragraphs 18, 19 and 20 in the affidavit because of the reference to "Boo" and the description of the "Boo" sales in the defendant's brief. However, as the Court understands the government's position in support of a denial of the motion to suppress, no claim is made by the government that the person identified as "Boo" is in fact the defendant Reginald Johnson.

6

(5:06 CR 239)

Further, within the past couple of days, investigators have observed **REGINALD JOHNSON** in the area of said residence...

30.     In November 2005, your Affiant obtained the authority to intercept oral communication to and from the cellular telephone of MICHAEL LASHAWN SPRAGLING.  During the investigation your Affiant and investigators developed facts and information pertaining to the narcotics distribution activities of SPRAGLING, **REGINALD JOHNSON**, and **JEROME DELLSHAUN SPRAGLING**.

34.     On January 04, 2006, a call was received between MICHAEL LASHAWN SPRAGLING and **REGINALD JOHNSON** in which the two can be heard complaining about **JEROME DELLSHAUN SPRAGLING**'s lifestyle and drug trafficking methods.  MICHAEL SPRAGLING and **JOHNSON** can both be heard complaining about how **JEROME SPRAGLING** is drawing attention to himself and his mother's residence, **134 Kelly Avenue, Akron, Ohio** by having after hours parties and selling drugs from the residence.  MICHAEL SPRAGLING can be heard complaining how he observed **JEROME SPRAGLING** blow through $5000.00 "..and now he ain't got shit."  MICHAEL SPRAGLING can also be heard saying "...you give this nigga something (narcotics) and say do this like this and like this, he gonna say okay, but as soon as he get that shit (narcotics), he gonna fuck that shit up."  **JOHNSON** can then be heard expressing concern saying "...man you know Jerome be hustling (dealing narcotics) and shit and he live there."  (**134 Kelly Avenue, Akron, Ohio**)

35.     On January 19, 2006, a call was received between MICHAEL LASHAWN SPRAGLING and **REGINALD JOHNSON** in which **JOHNSON** can be heard saying he "I was trying to get down with your brother (**JEROME SPRAGLING**), I got '12-25' ($12,250.00) for his ass...and I wanna give it to you 'cause I don't wonna owe him nothing."  MICHAEL SPRAGLING then can be heard complaining that **JEROME SPRAGLING** "...doesn't handle business first..." to which **JOHNSON** replies that he tried to explain it to **JEROME** that MICHAEL will cut you off"...so the best thing you can do is sell that dope while you got it, and get it out your way, and then you

7

(5:06 CR 239)

cool."  MICHAEL SPRAGLING and **JOHNSON** can then be heard making plans to meet at a local bar in order for MICHAEL SPRAGLING to obtain the money for **JEROME SPRAGLING**.

AFFIANT'S CONCLUSIONS

36.     Based upon the foregoing facts and circumstances, your Affiant submits that there is probable cause to believe that **JEROME DELLSHAUN SPRAGLING** and **REGINALD JOHNSON**, and have violated title 21 USC Section 841(a)(1), that is the knowing and intentional distribution of cocaine and heroin, a Schedule II controlled substance and Section 846, that is they knowingly and intentionally conspired with others to distribute cocaine and heroin, a Schedule II controlled substance.

37.     Affiant knows from his training the experience that persons involved in the illicit distribution of controlled substances nearly always attempt to conceal their identities, the locations at which drug transactions take place, the locations where they store their drugs, and the flow of proceeds derived from their illicit drug transactions into "clean" currency.  In addition, it is your Affiant's experience that drug traffickers seldom will conduct drug transactions at their primary residence for fear of being robbed of drug proceeds and/or narcotics by other drug traffickers, and/or to thwart law enforcement efforts.  (Emphasis added)

38.     Furthermore, substantial drug traffickers, such as those at the level of the listed individuals, are commonly known to maintain vehicles, properties, other assets in the names of other persons in an effort to conceal association between their narcotics activity and financial transactions.  The Affiant knows that individuals engaged in organized drug distribution and sales maintain extensive contacts with persons from whom they receive or distribute drugs and/or information pertaining to the unlawful drug distribution.  Further, Affiant is aware that drug traffickers in almost all instances keep records relating to their associates, including telephone and pager numbers, and drug transactions, including records of receipt and distribution of drugs and money, even though these records are often in code.  Unlike obviously incriminating or consumable items, these types of records, documents and papers tend to be viewed by drug traffickers as rather innocuous and not particularly incriminating; thus such

8

(5:06 CR 239)

items are likely to be kept for lengthy periods of time.
Furthermore, these "personal" type of items are almost always
found at the traffickers' residence, even if that location changes
(i.e., the trafficker moves).  (Emphasis added)

39.     As this Affidavit shows, members of this criminal
enterprise have possessed narcotics and large quantities of US
currency.  Because your Affiant is not aware of any drug dealer
who has reported all of his or her illegal earnings as taxable
income, your Affiant belives that the seizure of financial and tax-
related records and documents at the premises controlled by the
listed individuals will likely reveal unreported drug income when
compared to the assets they control.  Income/expenditure
documents will likewise provide evidence of the money laundering
which all successful, large-scale drug dealers must engage in.

40.     Based upon Affiant's training and experience, and
participation in the within investigation, which evidences a long
standing history of notable drug dealing activity, it is your
Affiant's opinion that there is probable cause to believe that upon
the residence (and curtilage) of:

> • **JEROME D. SPRAGLING - 134 Kelly Avenue,
>     Akron, OH**

> • **REGINALD JOHNSON - 1164 Laird Street,
>     Akron, OH**

there is evidence of the aforementioned criminal offenses,
including but not limited to the following items...

The Borchert affidavit, submitted in support of the requested search warrant, includes the

defendant's prior criminal background with drug prosecutions; his close alliance with Michael

Spragling and his drug trafficking operation; the fact of Johnson's observed activity in

connection with the reported sale of drugs to undercover confidential sources; his recorded

telephone conversations with Michael Spragling indicating drug related discussions and his

utility payment connection to the 1154 Laird address; and the asserted factual basis is coupled

9

(5:06 CR 239)

with  the affiant's statement, based on his drug investigation experience, that participants in drug

trafficking operations are known to maintain records of the drug trafficking operations in a

residence that may not be directly involved in the drug trafficking operations.  In the Court's

view, the decision of Magistrate Judge Gallas to issue the search warrant for the 1154 Laird

address, based on a common sense reading of the Borchert affidavit, passes muster.

The motion to suppress is DENIED.[3]


IT IS SO ORDERED.

_September 19, 2006_____                    __/s/ David D. Dowd, Jr._____
Date                                          David D. Dowd, Jr.
                                              U.S. District Judge

---

[3]The Court sees no need to engage in a *Leon* analysis or consider, as invited by the
government, whether Johnson has established standing to challenge the search of the premises at
1154 Laird.